IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARY ANN HAWKINS, et al.,**

      **Plaintiffs,**

                            CIVIL ACTION
**vs.**                              No. 02-2595-GTV

**MASTERS FARMS, INC., et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs, Mary Ann Hawkins, as Personal Representative to the Estate of James Patrick Creal, and Rachel Baldwin, as heir of Mr. Creal, bring this action pursuant to K.S.A. §§ 60-1901 and 1902 against Defendants, Masters Farms, Inc., Harhge Farms, Inc., and Jack E. Masters. Plaintiffs' claims arise from a December 8, 2000 traffic accident in which a tractor driven by Defendant Masters collided with Mr. Creal's automobile, resulting in the death of Mr. Creal. Plaintiffs filed this action in federal court alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332. Defendants dispute that there is complete diversity among the parties, and the matter is before the court on Defendants' motion to dismiss (Doc. 9) for lack of subject matter jurisdiction. For the reasons set forth below, Defendants' motion is granted.

### I. RULE 12(b)(1) MOTION TO DISMISS STANDARD

Fed R. Civ. P. 12(b)(1) motions for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction

is based. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citation omitted). A court reviewing a facial challenge must accept the plaintiff's factual allegations regarding jurisdiction as true. Id. at 1002 (citation omitted). In contrast, a court reviewing a factual attack may not presume that the plaintiff's allegations are true. Id. at 1003 (citation omitted). Rather, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Id. (citations omitted).

Here, Defendants mount a factual attack on Plaintiffs' allegations of diversity subject matter jurisdiction. In addition to Plaintiffs' complaint itself, deposition testimony and other documents have been submitted for the court's review. As the party seeking to invoke federal jurisdiction, Plaintiffs bear the burden of proving that jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted). Because federal courts are courts of limited jurisdiction, the presumption is against federal jurisdiction. Id. (citation omitted).

## II. FACTUAL BACKGROUND

On December 8, 2000, Mr. Creal was killed in an automobile accident on Mineral Point Road, just south of Troy, Kansas, when his 1988 Chevrolet van collided with a New Holland tractor driven by Defendant Masters. At the time of his death, Mr. Creal was living in Troy with his wife, Elizabeth Creal, and her children. He was approximately forty-four years old when he died.

James and Elizabeth Creal first met in St. Joseph, Missouri in November 1999. Mr. Creal had lived in St. Joseph for most of his life, while Mrs. Creal resided in Troy for the majority of her life. When the couple first met, Mr. Creal was living at his mother's home in St. Joseph, where

2

he had been residing since obtaining a divorce from his previous wife.

Beginning in January 2000, Mr. Creal began spending the night at the apartment Mrs. Creal shared with her children on South Park Street in Troy.  Initially, Mr. Creal would return to his mother's house every evening after work, shower, gather some clothes, and proceed to the apartment to retire for the evening.  Mrs. Creal paid the rent for the apartment on South Park Street, while Mr. Creal contributed by buying the groceries for himself, Mrs. Creal, and her two children.  Mr. and Mrs. Creal split the cost of utilities for the apartment.

When Mrs. Creal and her children moved into an apartment on 1st Street in Troy in March 2000, Mr. Creal brought his clothes, some furniture, pictures, photo albums, and other memorabilia to the new apartment.  Mr. and Mrs. Creal also purchased a bedroom set for the apartment.  When they moved into the apartment, Mr. Creal stopped going to his mother's house in St. Joseph to shower and change after work, and instead came directly back to Troy to spend the night.  Also at that time, Mr. and Mrs. Creal opened a joint checking account into which Mr. Creal began depositing his paychecks to help pay the household bills.  Mr. and Mrs. Creal were married in July 2000.

In November 2000, Mr. and Mrs. Creal moved into a house on Streeter Creek Road in Troy.  Mr. Creal died approximately two weeks later.  His death certificate lists Kansas as his residence.

From the time Mr. and Mrs. Creal first met until Mr. Creal's death in December 2000, Mr. Creal retained certain connections with the State of Missouri.  In November 1999, he applied for a Missouri title and license for his Chevrolet van using his mother's St. Joseph address.  In December 1999, he applied for automobile insurance on the van using the same address.  In March

2000, he listed the address when he took out a loan and applied for a new Missouri title on the van to name a new lien holder.  In April 2000, he renewed his Missouri driver's license for three more years under the address.  In May 2000, he filled out a form for life insurance listing the address.  Mr. Creal also received mail and his paycheck stubs at his mother's house, where he stopped by every week to visit.  After his death, an estate was opened for Mr. Creal in Buchanan County, Missouri alleging that he resided at his mother's address at the time of his death.

Finally, although Mr. and Mrs. Creal left open the possibility of leaving Troy to move to a location closer to Kansas City, Missouri, such as Platte City or Faucett, Missouri, they never looked for houses elsewhere and never made any specific plans to leave.  Mrs. Creal testified in deposition that she was, for the most part, satisfied living in Troy.

### III. DISCUSSION

Defendants move to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1), arguing that the complete diversity of citizenship required by 28 U.S.C. § 1332 is lacking among the parties.  The parties do not dispute that all Defendants are citizens of the State of Kansas and that Plaintiff Baldwin is a citizen of the State of Missouri.  Although Plaintiff Hawkins, as an individual, is also a citizen of the State of Missouri, her role in this case as Personal Representative of the Estate of Mr. Creal mandates that the court focus on the citizenship of Mr. Creal at the time of his death, not the citizenship of Plaintiff Hawkins herself.  28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."). Whether Mr. Creal was a citizen of the State of Kansas or the State of Missouri at the time of his death is the central dispute currently before the

4

court.

For purposes of determining whether diversity jurisdiction exists, a person is a "citizen" of the state in which he or she is "domiciled." Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citation omitted).

Here, the court concludes that at the time of his death, Mr. Creal had not only established a physical presence in the State of Kansas, but also displayed an intent to remain there. Although Mr. Creal lived the majority of his life in St. Joseph, Missouri, he had been living in Troy, Kansas with his wife of five months for nearly one year at the time he died. Among other things, he had moved his clothes, some furniture, pictures, photo albums, and other memorabilia into the home he shared with Mrs. Creal and her children; he contributed to household costs; and he purchased a new bedroom set with his wife. Although Mr. Creal retained some connections with the State of Missouri, the court does not find these connections sufficient to overcome the evidence that his actions from January 2000 until the time of his death demonstrated an intent to remain with his wife in the State of Kansas. In fact, the only evidence presented by Plaintiffs that directly calls Mr. Creal's intent into question is the deposition testimony of Mrs. Creal that the couple left open the possibility of leaving Troy to move to a location like Platte City or Faucett, Missouri, but that they never looked for houses there or made any specific plans to leave. At most, Mrs. Creal's testimony evidences a "floating intention" of Mr. Creal to return to his former domicile, which is insufficient to overcome the evidence that he was domiciled in the State of Kansas at the time

of his death. Crowley, 710 F.2d at 678 (holding that a plaintiff's "floating intention" to return to the State of Colorado failed to overcome the evidence that his residence in the State of Minnesota for the previous year established his domicile there).

In conclusion, the court has considered all of the evidence and arguments presented by the parties and holds that Mr. Creal was a citizen of the State of Kansas at the time of his death. Because Plaintiffs have failed to carry their burden of showing that complete diversity exists among the parties, the court grants Defendants' motion to dismiss for lack of subject matter jurisdiction.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants' motion to dismiss (Doc. 9) is granted.

The case is closed.

Copies of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 7th day of July 2003.

                                                s/ G. Thomas VanBebber
                                                G. Thomas VanBebber
                                                United States Senior District Judge